UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   4:12-cr-00065 JAR (EDMO) |
| | ) | 4:12-cr-00464 JAR (EDMO) |
| JACK E. GRAVENMIER, | ) | 2:12-cr-00136  (SDWV) |
| | ) | |
| Defendant. | ) | |

**THE UNITED STATES'MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT WITH
REGARD TO PETITION OF DAVID GRAY, CHRIS RAMSEY, AND JOSEPH YEAGER**

Petitioners David Gray, Chris Ramsey, and Joseph Yeager have failed to plead claims

which, even if true, would entitle them to relief from this Court. Not only does their Petition fail

to meet the statutory pleading requirements of 21 U.S.C. § 853(n)(3), which require that their

Petition be signed under penalty of perjury and set forth the nature and extent of their interest in

the property to be forfeited, but the facts that they have pled establish that their interest is inferior

as a matter of law to that of the United States. In the case of the House, Petitioners have not

alleged an interest that predates that of the United States, whose interest vests at the moment that

the crime supporting forfeiture is committed. Moreover, as the mere grantees of a court-ordered

quitclaim deed from Mr. Gravenmeir, the Petitioners did not acquire their alleged interest in the

House as bona fide purchasers for value and thus are not capable of obtaining relief under the

statute. Finally, with respect to the Yukon, Petitioners have merely claimed an entitlement to

compensation as victims of the defendant, but have alleged no interest in the Yukon itself. For

each of these reasons, Petitioners are not entitled to relief from this Court under § 853(n)(6), and

the United States respectfully asks that this Court dismiss their Petition without a hearing.

**LEGAL STANDARDS**

A petition for return of property forfeited in a criminal case is essentially an equitable action to quiet title. *United States v. McHan*, 345 F.3d 262, 276 (4th Cir. 2003). In such an action, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). The Federal Rules of Civil Procedure are generally applicable to such motions. *See United States v. Sigillito*, 938 F. Supp. 2d 877, 883 (E.D. Mo. 2013). "For purposes of the motion, the facts set forth in the petition are assumed to be true." *Id.*; *see also United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007).

Before a court can consider the merits of a petition, the petition must comply with the pleading requirements of 21 U.S.C. § 853(n)(3), which requires that the petition (1) "be signed under penalty of perjury," (2) "set forth the nature and extent of the petitioner's right, title, or interest in the property," (3) describe "the time and circumstances of the petitioner's acquisition of the right title, or interest in the property," (4) include "any additional facts supporting the petitioner's claim," and (5) state "the relief sought." The failure to include any of these statutorily required allegations requires dismissal of the petition. *See Sigillito*, 938 F. Supp. 2d at 893.

A court must also consider whether the petition complies with the requirement of § 853(n)(2) that the petition assert "a legal interest" in the property, i.e., an interest that would be cognizable under state law. *See United States v. Timley*, 507 F.3d 1125, 1130 n.2 (8th Cir. 2007). If the petitioner asserts a claim that would not constitute an interest in property under state law, then the claim fails for lack of standing. *Id.* at 1131; *see also United States v. White,* 675 F.3d 1073, 1077 (8th Cir. 2012).

If a petitioner asserts a legally cognizable ownership interest in criminally forfeited property, the petitioner next "must either demonstrate priority of ownership at the time of the offense under § 853(n)(6)(A), or that he subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B)." *Timley*, 507 F.3d at 1130. The petitioner lacks standing to challenge the court's underlying determination of forfeitability; rather, the ancillary proceeding permits a petitioner merely "to establish her interest in the forfeited property as it compares to the interest of the government and other petitioners." *White,* 675 F.3d at 1077–78 (noting that petitioner cannot "relitigate the nexus between the criminal acts" and the forfeited property (citing *United States v. Porchay*, 533 F.3d 704, 710 (8th Cir. 2008))). If, even accepting its allegations as true, a petition does not state claims that would permit the petitioner to overcome the government's vested interest, a court may dismiss such claims without a hearing. *Timley*, 507 F.3d at 1130.

## DISCUSSION

The Petition should be dismissed without a hearing. The Petition alleges only that Petitioners were the grantees of a quitclaim deed ordered by the Superior Court of White County, Georgia. As a mere quitclaim deed, the deed does not affect the interest of the United States, whose interest vested at the time of the commission of the illegal act giving rise to forfeiture. Even if the quitclaim deed had somehow been capable of extinguishing the United States' vested interest, the deed was not acquired in exchange for anything of value, and thus Petitioners are not bona fide purchasers under 21 U.S.C. § 853(n)(6). Finally, neither the quitclaim deed nor any other facts alleged in the Petition establish that Petitioners have any interest in the Yukon, as Petitioners claim a right to compensation from the Yukon only as victims of the defendant's crimes. Because none of these claims, even if true, would entitle Petitioners to relief, the Petition should be dismissed.

I.   **Petitioners Have Failed to Meet the Requirements of 21 U.S.C. § 853(n)(3) That Their Petition Be Filed Under Penalty of Perjury and Set Forth the "Nature and Extent" of Their Interest**

Before reaching the more substantial defects of the Petition, it must be noted that the Petition fails even to comply with the statutory pleading requirements of 21 U.S.C. § 853(n)(3). Those requirements are clear and mandatory:

> [t]he petition shall be signed *by the petitioner under penalty of perjury* and shall set forth *the nature and extent* of the petitioner's right, title, or interest in the property, the *time and circumstances* of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. (Emphasis added.)

The Petition is defective in each of the highlighted regards. First, it is not signed by any of the Petitioners, let alone signed under penalty of perjury. Second, it fails to plead precisely what the Petitioners believe the extent of their interest to be in either the House or the Yukon. Finally, although it does state facts relating to the time and circumstances of Petitioners' being granted a quitclaim deed as to the House, it states no facts relating to the timing and circumstances of their acquisition of any interest in the Yukon. For each of these reasons, the Petition fails to comply with the pleading requirements of 21 U.S.C. § 853(n)(3).

Admittedly, these defects are not the sort that would ordinarily, on their own, merit a prejudicial dismissal of the Petition, as they could likely be remedied by a more definite statement of the Petitioners' claims. In light, however, of the more substantial failures of the Petition described below, the United States respectfully submits that the Petition should be dismissed with prejudice and without a hearing.

II.  **As Mere Grantees of a Court-Ordered Quitclaim Deed, Petitioners Have Not Asserted an Interest in the House and the Yukon That Would Overcome the United States' Vested Interest as a Matter of Law**

Even ignoring the technical defects described above, the factual averments of the Petition are

inadequate to overcome the vested interest of the United States in the property. Any potential

ownership interest acquired by Petitioners as a result of the quitclaim deed is inferior to the United

States' under the "relation-back" doctrine of 21 U.S.C. § 853(c), which provides that the

government's interest in criminally involved property vests upon the commission of the criminal

act itself. *See, e.g.*, *White*, 675 F.3d at 1081 (upholding dismissal of petition because, even

assuming that petitioner had standing, she "could not prevail" under § 853(n)(6)). Title 21, United

States Code, § 853(c) provides, in pertinent part:

> All right, title, and interest in property [subject to forfeiture] vests in the United
> States ***upon the commission of the act giving rise to forfeiture*** . . . . Any such
> property that is subsequently transferred to a person other than the defendant . . .
> shall be ordered forfeited to the United States, unless the transferee establishes in a
> hearing pursuant to subsection (n) of this section that he is a bona fide purchaser for
> value of such property who at the time of purchase was reasonably without cause to
> believe that the property was subject to forfeiture . . . . (Emphasis added.)

This provision, referred to by courts as the "relation-back doctrine," is a codification of the

common law principle set forth by the Supreme Court in *United States v. Stowell*, 133 U.S. 1

(1890):

> By the settled doctrine of this court, whenever a statute enacts that upon the
> commission of a certain act specific property used in or connected with that act
> shall be forfeited, the forfeiture takes effect immediately upon the commission of
> the act; the right to the property then vests in the United States, although their title
> is not perfected until judicial condemnation; the forfeiture constitutes a statutory
> transfer of the right to the United States at the time the offence is committed; and
> the condemnation, when obtained, relates back to that time, and avoids all
> intermediate sales and alienations, even to purchasers in good faith.

*Id.* at 16–17, *cited in United States v. 92 Buena Vista Avenue*, 507 U.S. 111, 126–27 (1993)

(plurality opinion); *see also Timley*, 507 F.3d at 1130 (noting that § 853(n)(6)(A) "embodies the

relation-back doctrine," under which "title to the forfeited property vests at the time of the

defendant's criminal act").

5

In light of the relation-back doctrine, a petitioner can only overcome the United States' vested interest in either of two limited circumstances, each of which is set forth explicitly in 21 U.S.C. § 853(n)(6):

(A)   [a petition may prevail if] the petitioner has a legal right, title, or interest in the property, and . . . the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant ***at the time of the commission of the acts which gave rise to the forfeiture of the property*** under this section; or

(B)   the petitioner is a ***bona fide purchaser*** for value of the right, title, or interest in the property and was at the time of purchase ***reasonably without cause*** to believe that the property was subject to forfeiture under this section. (Emphasis added.)

Even assuming the allegations in the Petition are true, Petitioners appear unable to satisfy either of these conditions. Under § 853(n)(6)(A), Petitioners allege that they acquired their interest in the House not prior to the commission of the illegal acts giving rise to the forfeiture, but as a result of a court-ordered quitclaim deed on October 25, 2012, several months after the acts admitted to by Gravenmier in his plea agreements. Likewise, under § 853(n)(6)(B), Petitioners do not allege that they exchanged anything of value in order to obtain the quitclaim deed against the House.[1] As such, Petitioners' claims fail both prongs of § 853(n)(6).

But even without appealing to the provisions of § 853(n)(6), the very nature of the Petitioners' alleged interest demonstrates that their interest is inferior to that of the United States.

---

[1]   Even if the Petitioners had exchanged value in order to obtain the quitclaim deed to the House, they were not at that time "reasonably without cause, to believe that the property was subject to forfeiture." 21 U.S.C. § 853(n)(6). Not only were Petitioners aware of the pending law enforcement and judicial actions at the time of the quitclaim deed, but the Petitioners had constructive notice of the forfeiture itself by virtue of a Notice of *Lis Pendens* filed against the House in the title records of Kanawha County, West Virginia on February 27, 2012, nearly nine months before the quitclaim deed was obtained. Since, however, these facts do not appear on the face of the Petition, further litigation would likely be required to establish these facts if this Court deems them necessary to its decision.

Importantly, the deed relied upon by Petitioners is a *quitclaim* deed. As such, even if it were valid, it would only have transferred any interest of the *defendant's* to the Petitioners; it cannot have affected the interest of the United States. *See Chatham Amusement Co. v. Perry*, 117 S.E.2d 320, 325 (Ga. 1960) ("A quitclaim deed conveys only such interest as the grantor may be possessed of at the time of the conveyance . . . ."). Thus, the deed Petitioners rely upon, by its own terms, is incapable of overcoming the United States' vested interest under § 853(c) as a matter of law.

The same arguments apply with even greater force to the Yukon, in which Petitioners have not even alleged any past or present property interest. Because they have failed to plead either that they owned the Yukon prior to the commission of the defendant's crimes or that they thereafter acquired an interest in the Yukon as bona fide purchasers for value, they have again failed to satisfy the requirements of § 853(n)(6), and their Petition should be dismissed in its entirety.

### III.   With Respect to the Yukon, Petitioners Are, at Best, General Creditors of the Defendant's and Lack Standing to Challenge the Forfeiture

While Petitioner's allegations relating to the quitclaim deed at least plausibly allege an interest in property that would give them standing to contest the forfeiture, Petitioners have alleged no such interest in the Yukon. Rather, the Petitioners claim only that, "they should be compensated for the injuries they suffered due to the acts of Jack Gravenmier and that the above referenced property should be used to compensate said victims." Pet. ¶ 10. Although the United States has already expressed its intention to the Court to use the proceeds of the interlocutory sales in this case to compensate the named victims in the Court's restitution order,[2] it is well established that the victims themselves, who are merely general creditors of a defendant, lack standing to contest the forfeiture of property in a criminal case. *White*, 675 F.3d at 1080 ("[A] general creditor does

---

[2]   As noted in the Motion in support of which this memorandum is filed, of the Petitioners, only Joseph Yeager is indicated in this Court's restitution order as a victim.

not have standing to claim an interest in a particular forfeited asset."); *see also United States v. Watkins,* 320 F.3d 1279, 1283–84 (11th Cir. 2003) (stating that unsecured creditors lack standing to contest the forfeiture in the ancillary proceeding because they have no interest in the particular assets subject to forfeiture); *United States v. Schwimmer,* 968 F.2d 1570, 1581 (2d Cir. 1992) (noting that, because the property remains the property of the defendant despite the claim of a general creditor, the creditor's interest cannot invalidate the order of forfeiture); *United States v. McCorkle,* 143 F. Supp. 2d 1311, 1319–20 (M.D. Fla. 2001) ("[A] general creditor has no vested or superior interest in particular assets forfeited unless he not only has secured a judgment against the debtor, but also has perfected a lien against a particular item."). Thus, even if the Petitioners could establish that they are entitled to be "compensated for the injuries they suffered" due to the acts of the defendant, Pet. ¶ 10, that does not, by itself, give them standing to challenge the forfeiture of either the House or the Yukon.

CONCLUSION

Because the Petitioners have failed to meet the strict pleading requirements of 21 U.S.C. § 853(n)(3), and because their Petition fails to plead facts that would entitle them to relief under § 853(n)(6) in any event, the United States respectfully requests that the Petition be dismissed without a hearing.

Dated: April 7, 2014

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


 */s/ Richard E. Finneran*
ROBERT F. LIVERGOOD, #35432MO
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorneys
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:  (314) 539-2200


### CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2014 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

 */s/ Richard E. Finneran*
RICHARD E. FINNERAN, #60768MO
Assistant United States Attorney